UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KOLAWOLE OLUKOYA, et al., Plaintiffs, v. MAUREEN BADEJO, et al., Defendants. | Case No. 20-cv-08001-HSG **ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING CASE** Re: Dkt. No. 26 |

Pending before the Court is Plaintiffs' motion for default judgment. Dkt. No. 26. For the following reasons, the Court **DENIES** the motion for default judgment and **DISMISSES** the case for lack of personal jurisdiction.

## I. BACKGROUND

This is a state law defamation case against Defendant Maureen Badejo, a foreign national who appears to be a Nigerian citizen and resides in the United Kingdom. Plaintiffs filed a motion for entry of default on February 3, 2021, and entry of default was noticed by the Clerk on February 4, 2021. Dkt. Nos. 16, 17. At the initial case management conference on February 16, 2021, the Court expressed to Plaintiffs' counsel concern that the Court lacked subject matter and personal jurisdiction over this matter. *See* Dkt. No. 20. Counsel responded that he would consult with his clients to either file a notice of dismissal or a motion for default judgment that set out the basis for the Court to exercise jurisdiction. *Id.*

On March 9, 2021, a letter from Ms. Badejo was entered into the docket in which she stated that she is a permanent resident of the United Kingdom and that she disputes the Court's jurisdiction over her. Dkt. No. 21.

On April 1, 2021, Plaintiffs filed the currently pending motion for default judgment. Dkt.

No. 26.

## II. LEGAL STANDARD

The Ninth Circuit has indicated that "default judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir.1985). After the clerk enters a defendant's default, a court must take "the well-pleaded factual allegations" in the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007). However, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

In determining whether to enter a default judgment, a court "may dismiss an action *sua sponte* for lack of personal jurisdiction," because a "judgment entered without personal jurisdiction over the parties is void." *In re Tuli,* 172 F.3d 707, 712 (9th Cir.1999) (citations omitted). "A court, however, must provide to a plaintiff the opportunity to assert facts to establish that the exercise of personal jurisdiction over a nonresident defendant is proper before dismissing an action for lack of personal jurisdiction." *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 957 (N.D. Cal. 2012) (citing *In re Tuli,* 172 F.3d at 712).

## III. DISCUSSION

In determining whether the exercise of personal jurisdiction over a nonresident defendant is proper, a district court must apply the law of the state in which it sits when there is no applicable federal statute governing personal jurisdiction. *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). District courts in California may exercise personal jurisdiction over a nonresident defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code Civ. P. § 410.10. The Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington,* 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir. 1984). Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction.

2

### A. General Jurisdiction

General jurisdiction exists when a nonresident defendant is domiciled in the forum state or his activities in the forum are "substantial" or "continuous and systematic." *Panavision,* 141 F.3d at 1320.

Here, Plaintiffs offer no argument that the Court has general personal jurisdiction over Defendants and allege no facts to establish that Defendants' contacts with California are "substantial" or "continuous and systematic." Plaintiffs allege only that Ms. Badejo is a Nigerian-born blogger who resides in the United Kingdom; that she operates an online news site, Defendant Gio TV, with an emphasis on Nigeria; and that this online news site is accessible on Facebook, YouTube, and Instagram. Dkt. No. 1 ("Compl.") ¶ 4. There allegations are insufficient to establish general personal jurisdiction over Defendants.

### B. Specific Jurisdiction

Next, the Court considers whether specific personal jurisdiction exists. Plaintiffs argue that the Court has specific personal jurisdiction over Defendants because the Defendants' minimum contacts with California satisfy the Ninth Circuit's three-prong test. Dkt. No. 26 at 5-8. To satisfy this test:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011) (emphasis in original).

In cases like this one, the Ninth Circuit has indicated that the Court should usually "employ a purposeful direction analysis." *Id.* "In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* Plaintiffs agree that the purposeful direction analysis

3

is appropriate. Dkt. No. 26 at 6-7.

The "effects test," which is based on the Supreme Court's decision in *Calder v. Jones,* 465 U.S. 783 (1984), requires that the nonresident defendant "must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely be suffered in the forum state." *Mavrix Photo*, 647 F.3d at 1228. Unless Plaintiffs establish all three of the *Calder* elements, their purposeful-direction showing fails.

The Court finds that the Plaintiffs' allegations are sufficient to satisfy the first element of the *Calder* effects test. Plaintiffs allege that Ms. Badejo posted defamatory posts on Gio TV over Facebook, YouTube, and Snap Chat. Compl. ¶¶ 8-9, 14-22. This constitutes an intentional act.

However, the Court finds that Plaintiffs have not established that Defendants' conduct meets the second element of the *Calder* effects test. This analysis can be difficult when applied to material freely available on the internet. The Ninth Circuit has noted that it "ha[s] struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix Photo*, 647 F,3d at 1229. But the Ninth Circuit has made clear that the effects test requires "something more" than availability on a website, namely "conduct directly targeting the forum." *Id.*

Plaintiffs' complaint fails to allege conduct that directly targets California. The titles of Defendants' allegedly defamatory videos make no mention of California but rather refer to "UK FRAUD" and "Austria Fraud." Compl. ¶ 8. The complaint also alleges that Ms. Badejo's posts include discussion of Nigerian religious organizations and defamatory statements about Plaintiffs' activities in the UK. *Id.* ¶¶ 11, 14, 26, 27. Plaintiffs also include allegations that Ms. Badejo made defamatory statements regarding recent litigation in Maryland state court that involved Plaintiffs and allegations of tax fraud relating to the importation of books. *Id.* ¶ 15. Notably absent is any allegation of conduct by Ms. Badejo that has anything to do with California. None of the allegedly defamatory statements quoted by Plaintiffs in the complaint make any mention of California or show any attempt by Ms. Badejo to directly target California.

In an attempt to establish specific personal jurisdiction, Plaintiffs submit two declarations with their motion for default judgment. In the first declaration, Mr. Olukoya provides additional

4

details about the contents of the allegedly defamatory posts. Dkt. No. 26-1. Again, these allegedly defamatory posts make no mention of California or conduct that directly targets California. *Id.* at ¶¶ 17-23, 28.

Despite the lack of explicit connection between Ms. Badejo's statements and the forum state, Plaintiffs argue that Ms. Badejo expressly aimed her conduct at California because she made statements about the Maryland state court litigation. Dkt. No. 26 at 6-7. Plaintiffs' argument seems to be that because the Oakland branch of Mr. Olukoya's religious organization was responsible for importing books into the United States, statements made by Ms. Badejo about the Maryland litigation, which involved allegations of tax fraud arising from that importation, constitute conduct deliberately targeting the Oakland branch. *Id.*

To support this argument, Mr. Olukoya's declaration includes an explanation that "it is well known that the Oakland Branch was the branch assigned by me to distribute the books." Dkt. No 26-1 ¶ 27. He states in conclusory fashion that "[w]hen Ms. Badejo broadcast allegations about the defrauding of the United States government by failing to pay taxes due, all of the MFM community worldwide know Ms. Badejo was speaking of the Oakland Branch." *Id.*

The second declaration, from Grace Ugeh, the pastor of the Oakland Branch, reiterates this argument. Dkt. No. 26-2. She also provides more detail about the Maryland litigation, stating that the pastor of the branch of Mr. Olukoya's organization in Bowie, Maryland left the organization and kept the property of the branch. *Id.* ¶ 11. Plaintiff Mountain of Fire and Miracles Ministries ("MFM"), a Nevada corporation, sued the Maryland pastor to recover the property. *Id.* During the litigation, allegations were made that MFM committed tax fraud, but the Maryland court found in favor of MFM. *Id.* ¶¶ 12, 13. She then adds in conclusory fashion that "[t]he entire MFM world was well aware that the allegations were made against the Oakland Branch." *Id.* ¶ 12.

In summary, the Maryland litigation involved a Maryland pastor, a Nevada corporation, and allegations of federal tax fraud. Despite the fact that the quotations from Defendants' posts provided by Plaintiffs speak only in general terms about tax fraud and make no mention of the Maryland litigation—let alone California or the Oakland branch—Plaintiffs argue that Ms. Badejo's statements about this litigation constitute direct targeting of California. Dkt. No. 26 at 6-

7.

The quotations offered by Plaintiffs as evidence of direct targeting demonstrate that Plaintiffs' argument requires the Court to make unwarranted inferential leaps. According to Ms. Ugeh's declarations, Ms. Badejo made the following statements:

- In a post entitled "PASTOR OLUKOYA – MFM FRAUD," Ms. Badejo allegedly states: "These fire pastors that will export books to the U.S. and said they are donations and later sent them mail that the books be sold. Is that not fraud? . . . Those books were sold, not donation. So that was fraud. They use these churches to launder money, they do the laundering money, they do the laundering."
- In a post entitled "IS MFM THE WORST CHURCH IN NIGERIA/UK (AND THE WORLD)?", Ms. Badejo allegedly states: "MFM is an institution that single handedly accounts for so much crime against humanity including embezzlement of government funds."
- In a post entitled "ENDSARS PROTEST CONTINUE IN LONDON AGAINST POLICE," Ms. Badejo allegedly states: "Ask about the issue of books abroad, all that Sowore said about this man is nothing but the truth...in those days before the advent of e-book on amazon we the pastors overseas used to collect books, especially 70 days booklet from international office department inside headquarters in Onike under pastor Balaji Ojuri, he will give us a note that shows those books are for missions and charity purpose in order to avoid paying taxes at the point of entry and when the books get to our various regions abroad we will start selling them and remit money to the headquarters in Lagos. Is this not fraud?"

Dkt. No. 26-2 ¶ 14. While Ms. Ugeh states that these statements constitute "specific allegations about the Oakland Branch," *id.*, the Court finds nothing in the statements that reflects direct targeting of California by Defendant, or even mention of the Maryland litigation. Plaintiffs thus fail to show that Defendants directly targeted California with their conduct and therefore cannot satisfy the express-aiming element of the *Calder* effects test, which is required to establish the first

element of the Ninth Circuit's test for the exercise of personal jurisdiction.[1]  Accordingly, the Court finds that it lacks personal jurisdiction over Defendants.

## IV. CONCLUSION

Because the Court lacks personal jurisdiction over Defendants, Plaintiffs' motion for default judgment is **DENIED**, and the case is **DISMISSED**.  The Clerk is directed to **TERMINATE** the case.

**IT IS SO ORDERED.**

Dated: May 6, 2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Because the Court finds that Plaintiffs failed to satisfy the second element of the *Calder* test, the Court need not decide if Plaintiffs satisfy the third element.  The Court notes, however, that it is unlikely they could do so based on the currently presented evidence.  The Court also notes that it appears unlikely on this record that Plaintiffs could satisfy the fair play and substantial justice, i.e. reasonableness, requirement of the Ninth Circuit's specific personal jurisdiction test.  *See Mavrix Photo*, 647 F.3d at 1228.