1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    DANIEL KOLAWOLE OLUKOYA, et al.,        Case No. 20-cv-08001-HSG

8                    Plaintiffs,             **ORDER DENYING MOTION FOR
                                             RECONSIDERATION**
9           v.
                                             Re: Dkt. No. 31
10   MAUREEN BADEJO, et al.,

11                   Defendants.

12

13          The Court denied Plaintiffs' motion for default judgment and dismissed the case for lack of

14   personal jurisdiction on May 6, 2021.  *See generally* Dkt. No. 26 ("Order").  Pending before the

15   Court is Plaintiffs' motion for leave to file a motion for reconsideration of the Order.  Dkt. No. 31

16   ("Mot.").  The Court finds this matter appropriate for disposition without oral argument and the

17   matter is deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons discussed below, the Court

18   **DENIES** the motion.

19          Civil Local Rule 7-9(a) provides as follows:

20              Before the entry of a judgment adjudicating all of the claims and the
                rights and liabilities of all the parties in a case, any party may make a
21              motion before a Judge requesting that the Judge grant the party leave
                to file a motion for reconsideration of any interlocutory order on any
22              ground set forth in Civil L.R. 7-9 (b).

23   Civ. L.R. 7-9(a).[1]

24          The Court's May 6, 2021 order dismissed Plaintiffs' case in its entirety and directed the

25   Clerk to terminate the case.  *See* Order at 7.  The Court should also have entered a judgment at that

26

27   ---
     [1] The Court's dismissal order was not an "interlocutory order," so Local Rule 7-9 likely does not
28   apply in any event.  But even if it does, the motion must be denied for the reasons explained in this
     order.

United States District Court
Northern District of California

point, but neglected to do so.  But the Court's dismissal order ripened into entry of judgment as a matter of law 150 days later, in October 2021.  *See Stephanie-Cardona LLC v. Smith's Food and Drug Centers, Inc.*, 476 F.3d 701, 704 (9th Cir. 2007) (explaining that "[p]ursuant to Fed.R.App.P. 4(a)(7)(A)(ii) and Fed.R.Civ.P. 58(b)(2), judgment was entered as a matter of law on November 15, 2004, 150 days after the docketing of the stipulation and order" disposing of all claims in the complaint and denying all relief to plaintiff, because "[t]he rules plainly provide that judgment is entered when it is set forth on a separate document *or* when 150 days have run, whichever is earlier" (emphasis in original)).

Because Plaintiffs filed this motion on May 4, 2022, nearly a full year after the Court issued its dismissal order and around seven months after that order ripened into a judgment, it is well too late to seek reconsideration, and Plaintiffs' motion is **DENIED**.  This case remains closed.

**IT IS SO ORDERED.**

Dated:   3/30/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California